**Reginald R. BOURGOIN**

v.

**FRASER PAPER, LIMITED.**

Supreme Judicial Court of Maine.

March 20, 1980.

Rudolph T. Pelletier (orally), Madawaska, for plaintiff.

William J. Smith (orally), Van Buren, for defendant.

Before McKUSICK, C. J., WERNICK, GODFREY and GLASSMAN, JJ., and DUFRESNE, A. R. J.

GLASSMAN, Justice.

The appellee, Reginald R. Bourgoin, underwent low back surgery for a work-related injury sustained at Fraser Paper, Limited (Fraser) in Madawaska, Maine in September, 1976. He received total compensation through July 8, 1977. On July 12, 1977, Bourgoin's physician found him fit for light to moderate work, and the company doctor cleared Bourgoin for light to moderate work in early August, 1977. The personnel officer in charge of assigning work to Fraser employees who had suffered industrial accidents placed Bourgoin in a job that he and the company doctor believed matched Bourgoin's limited work capacity. After several hours of work on August 7, 1977, Bourgoin stopped work because of back pain. In mid-September, 1977, the company nurse called Bourgoin to suggest that he come back to work. On September 20, 1977, Bourgoin returned to his old job and after some initial problems has been working ever since.

Bourgoin filed a petition for further compensation for total disability for the period of July 9 to September 20, 1977. At the hearing, Bourgoin presented no evidence of a job search beyond his compliance with the job assignment made by the personnel officer on August 7, 1977. The Commission awarded compensation for total disability. The decision contained a finding that Bourgoin could undertake light to moderate work as of July 12, 1977. The decision of the Commission stated further:

> On September 20, 1977, he returned full time to his old job at Fraser's which he knew would be available when he felt he could do it.

> We don't think that Mr. Bourgoin's failure to show that he tried to obtain work within his temporary limitations during the period from August 7, 1977 to September 20, 1977 is sufficient basis to deny him compensation for total disability during that period. We feel that although he had some substantial work capacity that he could not realistically be expected to obtain work under the circumstances.

From a pro forma decree of the Superior Court, Aroostook County, Fraser appeals.

The decision of the Commission was dated October 5, 1978. The following day, this Court decided *Crocker v. Eastland Woolen Mill, Inc.*, Me., 392 A.2d 32 (1978). In that case we rejected the dictum of *Foster v. Bath Iron Works Corp.*, Me., 317 A.2d 11 (1974), "that upon a finding that the employee was partially disabled, a commissioner could, under certain circumstances, infer that the employee was entitled to total compensation without a showing by the employee of efforts to find suitable employment." *Crocker v. Eastland Woolen Mill, Inc., supra*, 392 A.2d at 35. (Emphasis deleted).

Since at the time of its decision the Commission did not have the benefit of our decision in *Crocker*, it is necessary that this case be remanded for further proceedings in the light of that decision. At such further hearing, the parties should be permitted to offer additional evidence to establish whether Bourgoin conducted a reasonable work search, or whether he was excused from conducting such a work search because of his justifiable reliance upon the personnel director's efforts to find him suitable work at Fraser, or whether the nature of the labor market in Madawaska during the period of his incapacity was such that a work search would have been unavailing.

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court vacated.

Remanded to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

It is further ordered that the employer pay to the employee an allowance of $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

DUFRESNE, A. R. J., sat by assignment.

NICHOLS, J., did not sit.